**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KRISTIN DE JESUS, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action File No.: |
| | ) | 1:18-cv-05114--JPB |
| v. | ) | |
| | ) | |
| FRANCOIS & COMPANY, INC. | ) | |
| AND THEIRRY FRANCOIS & CO. | ) | |
| | ) | |
| *Defendants*. | ) | |

**CONSOLIDATED PRETRIAL ORDER**

COME NOW, Plaintiff Kristin De Jesus ("Plaintiff") and Defendant Francois & Company, Inc. ("F&C" or "Defendant"), and pursuant to this Court's Order dated September 22, 2020 jointly submit this Consolidated Pretrial Order for the trial of Plaintiff's claims as follows.

(1)    There are no motions or other matters pending for consideration by the court except as noted.

**Response:    The Parties will file a joint motion and/or stipulation dismissing Defendant Thierry Francois & Co. from this action. The Parties will file motions *in limine* no later than fourteen (14) days before the scheduled**

pretrial conference pursuant to this Court's Standing Order Regarding Civil Litigation. Defendant intends to file the following motions *in limine*:

a.   Motion *in limine* to exclude any evidence of alleged misconduct against Plaintiff's co-workers.

b.   Motion *in limine* to exclude evidence of Defendant's current financial status.

c.   Motion *in limine* to exclude references to EEOC's "Right to Sue" Letter

d.   Motion *in limine* to exclude evidence and argument relating to gender discrimination and retaliation claims for which Defendant was grated summary judgment.

e.   Motion *in limine* to exclude evidence and argument regarding other charges or claims of discrimination against Defendant.

f.   Motion *in limine* to exclude hearsay statements by David Long, Patrick Pepin, Carina Kyriacos, and Billie Heilian.

g.   Motion *in limine* to exclude evidence or argument relating to Plaintiff's allegations of hostile work environment.

h.   Motion *in limine* to exclude use of witnesses not disclosed in

**response to discovery requests or identified in Initial Disclosures.**

(2)    All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Response:  The Parties agree that discovery is complete. If the Parties agree that additional depositions are needed to preserve evidence, they will work together to coordinate these depositions.  If a party determines an additional deposition is needed to preserve evidence and the opposing party does not agree to conduct such deposition, the party seeking to preserve testimony for trial will seek leave of Court to conduct the deposition.**

(3)    Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**Response:  The parties agree that the caption contains a misnomer and that all remaining claims are asserted against the proper defendant in this**

action, **Francois & Company, LLC. The parties will prepare a stipulation correcting this misnomer.**

(4)    Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.

<u>**Response:**</u>  **Jurisdiction is not disputed.**

(5)    The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:  **J. Stephen Mixon and**

Defendant: **James M. Johnson**

(6)    Normally, the plaintiff is entitled to open and close arguments to the jury.  (Refer to LR 39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury**.**

<u>**Response:**</u>  **Defendant has no objection to Plaintiff opening and closing arguments to the jury in accordance with LR 39.3(B)(2)(b).**

(7)    The captioned case shall be tried to (**<u>X</u>**) to a jury.

(8)    State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.

<u>**Response:**</u>  **N/A**

(9)    Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

**Response:  Attachment A**.

(10)   Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters.  The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

**Response:  *See* Attachments B-1 and B-2.**

(11)   State any objections to plaintiff's voir dire questions.

**Response:** Defendant's objections to Plaintiff's Voir Dire Questions: Will be provided 14 days before trial.

Plaintiff's objections to Defendant's Voir Dire Questions: ***See* Attachment**

B-4

   (12)   All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes.   Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.   See Fed. R. Civ. P. 47(b).

   **Response:**  **The Parties do not request additional peremptory challenges.**

   (13)   State whether there is any pending related litigation.   Describe briefly, including style and civil action number.

   **Response:**  **None.**

   (14)   Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.   All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.   In negligence cases, each and every act of negligence relied upon shall be separately listed.   For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount

claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

**Response:**  **See Attached Exhibit C, but Plaintiff reserves the right to supplement and/or amend until 21 days before trial.**

(15)    Attached hereto as Attachment "D" is defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

**Response:**  **See Attached Exhibit D, but Defendant reserves the right to supplement and/or amend until 21 days before trial.**

(16)    Attached hereto as "Attachment E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the

stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

**Response:**  **Counsel will meet at least 10 days prior to the Pre-Trial Conference as directed by this Court's Standing Order Regarding Civil Litigation and will work to prepare factual stipulations at that time. The parties will submit any agreed-upon factual stipulations to the Court as "Attachment E" to be included in this Pre-Trial Order.**

(17)   The legal issues to be tried are as follows:

**Plaintiff's Legal Issues To Be Tried:**

(1) **Did Defendant violate the Equal Pay Act ("EPA") by paying different wages to employees of the opposite sexes for equal work?**

(2) **If so, can the Defendant meet its burden of proving that the wage differential was not because of Plaintiff's sex but was solely the result of the location where the male comparator worked and resided *and* that none of the decisionmaker(s) were influenced by sex bias?**

(3) **If so, can Plaintiff meet her burden of proving that Defendant's asserted reason for the wage differential is a pretext?**

(4) **If Plaintiff proves her EPA claim, what amounts of damages, liquidated damages, attorneys' fees, costs, and interest is Plaintiff entitled to under the Equal Pay Act?**

(5) **Was Plaintiff's gender a motivating factor in violation of Title VII when Defendant a) failed to pay Plaintiff's full bonus for 2017; and/or b) hired and retained a less experienced male and/or reassigned Plaintiff's and other employees' accounts to him?**

(6) **If so, what amounts of damages, attorneys' fees, costs and/or interest is Plaintiff entitled to under Title VII?**

(7) **Did Defendant breach: a) Plaintiff's employment contract for each or any of the years 2014-2018 with respect to any of the elements of her promised compensation; and/or b) an oral agreement with Plaintiff to pay her compensation earned during her maternity leave in 2015?**

(8) **If so, what amounts of damages, attorneys' fees, costs and/or interest is Plaintiff entitled to for such breach under Georgia law, including <u>O.C.G.A. §§ 7-4-12</u> and <u>13-6-11</u>?**

(9) **For the Court:  What equitable relief is Plaintiff entitled to if she prevails on any of her claims?**

(10)   **For the Court: If Plaintiff prevails on any claims what amount of**

attorney fees and expenses should she recover?

(11)   For the Court: If Plaintiff prevails on her EPA claims is she entitled to an amount equal to awarded EPA damages as liquidated damages?.

(12)   For the Court: Should Plaintiff be awarded damages,what amount of pre- and post-judgment interest should she recieve.

**Defendant's Legal Issues To Be Tried:**

1.   Whether Plaintiff can establish that Defendant failed to pay all bonuses to which she was contractually entitled and, if so, the amount of damages she suffered as a result.

2.   Whether Plaintiff can establish that Defendant failed to pay Plaintiff's 2017 bonus because of her gender and, if so, the amount of damages she suffered as a result.

3.   Whether Plaintiff can establish that she suffered an adverse employment action (such as lost commissions) arising from Defendant's hiring and retention of Harrison Davis.

4.   Whether Plaintiff can establish that Jon Iberti received higher compensation because of gender discrimination by Defendant and

**not because he lived and worked in San Francisco, California.**

(18)   Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3," etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witnesses who might express opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses who use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**Response:**  *See* **Attachments F1 and F2.**

(19)   Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3," etc. for all other parties are the typed lists of all documentary

and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts.  Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Response:  Plaintiff includes her preliminary exhibit list as Attachment G-1. Defendant includes its preliminary exhibit list as Attachment H-1. The parties requests that they be permitted to exchange exhibits 21 days prior to trial, and assert objections, if any, to the other party's exhibits 14 days before trial.**

(20)   The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**The Parties may introduce by deposition the testimony of any witness appearing on either party's list whom the parties agree or the Court determines is an "unavailable witness" within the meaning of Federal Rule of Civil Procedure 32(a)(4) for trial.  The Parties will submit any proposed deposition designations to be presented at trial, listed by page and line number, 21 days**

prior to the Pretrial Conference.   The opposing party shall submit any objections to deposition designations and any responsive counter-designations 14 days prior to first day of the trial calendar on which the case appears.   Any objections to a party's counter-designations must be filed 7 days prior to the the first day of the trial calendar on which the case appears.   Objections not perfected in this manner will be deemed waived or abandoned.

Parties need not designate testimony to be used solely for impeachment in advance of trial.   To the extent this Court permits either party to offer only part of a deposition in evidence, the Parties reserve the right to require the party offering the testimony to introduce other parts of the deposition which ought to be considered in fairness, and to themselves introduce any other parts of the deposition, pursuant to **Fed. R. Civ. P. 32(a)(6)**. The Parties also reserve the right to object to the admissibility of those portions of depositions the opposing Party may seek to introduce at trial, pursuant to **Fed. R. Civ. P. 32(b)**.

All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

(21)   Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the

defendant, and "H-3," etc. for other parties are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of this case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**Response:** **N/A**

(22)   In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1 will not be considered.   In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge.  For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**Response: The Parties will submit their respective requests for charge as directed by the Court.**

(23)   If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**Response: The parties will submit a verdict form on the first day of trial.**

(24)   Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Response:  The Parties do not request additional time.**

(25)   If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**Response: Not applicable.**

(26)   Lead counsel and persons processing settlement authority to bind the parties have discussed in good faith the possibility of settlement of this case.  The court () has or ( **X** ) has not discussed settlement of this case with counsel at the Status

Conference held on June, 15 2020.  It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(**XX_**) Little possibility of settlement.

(_____) No possibility of settlement.

(27)   Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

   <u>**Response:**</u>  **The parties do not request a special setting.**

(28)   The Plaintiff estimates that it will require **two days** to present her evidence.  The Defendant estimates that it will require **one to two days** to present its evidence.  It is estimated that the **total trial time is three to four days.**

(29)   IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (<u>X</u>) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

   IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall

not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____31st_____ day of _____December_____, 2020.

_____
J. P. BOULEE
United States District Judge


Each of the undersigned counsel for the parties hereby consents to entry of the

foregoing pretrial order, which has been prepared in accordance with the form pretrial

order adopted by this court.

/s/ J. Stephen Mixon                          /s/ James M. Johnson
J. Stephen Mixon, Jr.                         James M. Johnson
Georgia Bar Number 514050                     Georgia Bar No. 394615
Millar and Mixon, LLC                         Johnson Trial Law, LLC
1691 Phoenix Blvd. Suite 150                  150 East Ponce de Leon Avenue
Atlanta, GA 30349                             Suite 230
770-955-0100                                  Decatur, Georgia 30030
steve@mixon-law.com                           james@johnsontrial.com

Tracey T. Barbaree                            Counsel for Defendant
Georgia Bar No. 036792
Moeller Barbaree LLP
1175 Peachtree St. NE
Suite 1850
Atlanta, GA 30361
404.748.9122
tbarbaree@moellerbarbaree.com

Counsel for Plaintiff